FILED
SUPERIOR COURT
OF GUAM

2019 FEB 11 PM 1: 46

CLERK OF COURT

By:

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | CRIMINAL CASE NO.: CF0315-17 |
| vs. | |
| LAWRENCE REYES NAPUTI, DOB: 05/24/1961 | DECISION AND ORDER (Defendant's Motion to Suppress) |
| DEFENDANT. | |

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on Lawrence Reyes Naputi's ("Defendant") Motion to Suppress. Attorney John C. Terlaje represents the Defendant. Assistant Attorney General Matthew A. Phelps appeared on behalf of the People of Guam ("People"). Upon review of the written and oral arguments and legal authorities presented by the Parties, the Court hereby **DENIES** the Defendant's Motion.

## BACKGROUND

On May 26, 2017,[1] a Superior Court Judge authorized a search warrant ("Search Warrant") on a residence located at 220 Chalan Kanton Tasi in Merizo. Mot. to Suppress, Ex. A (Mar. 22, 2018). The items to be seized included illegal drugs, drug paraphernalia, U.S. currency, drug ledgers, firearms, and ammunition. Id. Officers from the Guam Police Department conducted a search on June 2, 2017. Id. at 1. Inside the residence, the officers discovered methamphetamine, suspected marijuana, glass pipes, and digital scales. Opp'n at 2 (Apr. 2, 2018).

---

[1] This date is disputed, as discussed below.

CF0315-17, People vs. Naputi
DECISION AND ORDER (Defendant's Motion to Suppress)

Page 1 of 5

The copy of the Search Warrant provided to Defendant during execution of the search states: "Dated this 26th day of March, 2017, at 3:53, in Hagatna, Guam." Mot. to Suppress, Ex. A. However, during discovery the People provided another copy of the Search Warrant in which the month of March was crossed out and May was written in its place. Id. Ex. B. The Affidavit supporting the Search Warrant ("Affidavit") is dated May 26, 2017. Opp'n, Ex, A.

On June 13, 2017, a Superior Court of Guam Grand Jury returned an indictment charging Defendant with the following charges: **POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE WITH INTENT TO DELIVER** (As a First Degree Felony), **POSSESSION OF A SCHEDULE I CONTROLLED SUBSTANCE WITH INTENT TO DELIVER** (As a First Degree Felony), **POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE** (As a Third Degree Felony), **POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE** (As a Third Degree Felony), and **POSSESSION OF LESS THAN AN OUNCE OF MARIJUANA** (As a Violation). Indictment (Jun. 13, 2017).

On March 22, 2018, Defendant filed a Motion to Suppress. The People filed an Opposition on April 2, 2018. The Court held a Suppression Hearing on December 6, 2018, and the matter was taken under advisement.

## DISCUSSION

The Fourth Amendment to the United States Constitution protects individuals from unreasonable searches and seizures. The Amendment's protections are extended to Guam via the Organic Act of Guam. See 48 U.S.C.A. § 1421b (West 2017). Every search and seizure of a person, or their house, papers, and effects, must be reasonable to be constitutionally permissible. See People v. Chargualaf, 2001 Guam 1 ¶ 14. A seizure that is not authorized by a duly issued warrant is presumed unreasonable. Id. (citing Pennsylvania v. Strickler, 757 A.2d 884, 888 (Pa. 2000)). Defendant argues that the Search Warrant used to search his home is invalid because it was outdated and contained the incorrect address. Mot. to Suppress at 1.

CF0315-17, People vs. Naputi
DECISION AND ORDER (Defendant's Motion to Suppress)

Page 2 of 5

a. **The Search Warrant was not outdated.**

Title 8 GCA Section 35.20 states that an authorized warrant shall be directed to a peace officer and shall command the officer to conduct the search within a specified period of time not to exceed ten (10) days.

The People concede that the warrant was originally dated March 26, 2017. Opp'n at 2. The People argue that although the date listed on the warrant is incorrect, it is a technical error that does not invalidate the Search Warrant. The People state that the Search Warrant was actually authorized on May 26, 2017. Id. The Search Warrant was executed on June 2, 2017, thus a Search Warrant issued on May 26, 2017 would not be outdated at the time of the search.

The Court notes that the Affidavit is dated May 26, 2017, consistent with the People's position that the March 26 date on the Search Warrant was merely a typographical error. Opp'n Ex. A. The Affidavit is a sworn document signed by Officer Keane Pangelinan and a Superior Court Judge. Id. The Affidavit contains statements about events which occurred in May 2017. Based upon the date of the Affidavit and the allegations contained therein, the Court finds that the Search Warrant was signed on May 26, 2017, and the March 26, 2017 date originally contained in the Search Warrant was a typographical error.

Generally speaking, minor errors are not fatal to an otherwise valid search warrant, especially when the errors are attributable to the judge or the government attorney. See United States v. Smith, 720 F.3d 1017, 1020 (8th Cir. 2013) (search warrant was not facially invalid even though authorizing judge misdated the warrant); United States v. Waker, 534 F.3d 168, 171–72 (2nd Cir. 2008) (search warrant not invalid even though authorizing judge wrote the wrong year when listing the deadline for executing the warrant). Accordingly, the Court finds the Search Warrant is not fatally defective in this case where the People have demonstrated that the incorrect date was merely a typographical error.

CF0315-17, People vs. Naputi
DECISION AND ORDER (Defendant's Motion to Suppress)

Page 3 of 5

**b.  The search was not invalid due to the address being incorrect.**

In the Affidavit, Officer Keane C. Pangelinan stated that the house to be searched was located at 220 Chalan Kanton Masi, Merizo, Guam. Opp'n, Ex. A. Defendant argues that the residence to be searched was not accurately identified, as the address of the house that was searched is actually 220A Chalan Kanton Tasi Street, Merizo, Guam. Mot. to Suppress at 1.

In determining whether a warrant sufficiently describes a location to be searched, courts consider (1) whether the description enables officers to identify the place or object with reasonable effort, and (2) whether there is any probability that the officers might mistakenly search an area or object outside of the scope of the warrant. United States v. Mann, 389 F.3d 869, 876–77 (9th Cir. 2004). "The practical accuracy rather than the technical precision governs in determining whether a search warrant adequately describes the premises to be searched." United States v. Williams, 687 F.2d 290, 292 (9th Cir. 1982).

In the present case, Defendant argues that the warrant was incorrect because it listed the house to be searched as "220" but the house searched was "220A." Defendant has provided a water bill for the property, which lists the address as "220A." Mot. to Suppress, Ex. C. Defendant does not indicate whether there are two separate units labeled as "220" and "220A." Nonetheless, the officers successfully located the correct residence, demonstrating that the description of "220" was sufficient. Additionally, Defendant makes no argument that there was a risk of the officers mistakenly searching the incorrect area. Further, the Affidavit states that officers had conducted surveillance of the residence in question, providing further evidence that the officers executing the residence had knowledge that they were searching the targeted residence. The Court finds that the discrepancy between the address contained in the Search Warrant and the address contained in Defendant's water bill does not provide cause for the Court to suppress the evidence obtained during the search.

## CONCLUSION

Thus, by preponderance of the evidence and based on the foregoing reasons, the Court **DENIES** the Defendant's Motion to Suppress.

A **Criminal Trial Setting** is set for _____3/11/19_____ at _____9a.m.____.

SO ORDERED _____2/11/19_____.

The Honorable Anita A. Sukola
Judge, Superior Court of Guam

**SERVICE VIA COURT BOX**

I acknowledge that a copy of the original hereto was placed in the court box of:

FEB 11 2019  Date: _____ Time: 1:45 pm

Deputy Clerk, Superior Court of Guam

CF0315-17, People vs. Naputi
DECISION AND ORDER (Defendant's Motion to Suppress)

Page 5 of 5